<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| THADDEUS KADZIELA, | : | |
| Petitioner, | : | Civ. No. 06-5270 (GEB) |
| v. | : | **MEMORANDUM OPINION** |
| MULTITRUST, INC., ROBERT SILVERSTEIN, MARK WILF, RESIDENTIAL WARRANTY CORPORATION, and NEW JERSEY OFFICE OF JUDICIAL DISPUTE SETTLEMENT | : | |
| Respondents. | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon petitioner Thaddeus Kadziela's Motion to Confirm the Arbitration Award. The Court has jurisdiction over this matter pursuant to 9 U.S.C.A. § 9. The Court, having considered the parties' submissions and decided the matter without oral argument pursuant to the Federal Rules of Civil Procedure Rule 78, and for the reasons set forth below, will deny Kadziela's motion without prejudice and stay this action pending the outcome of the Compliance Arbitration.

**I.     BACKGROUND**

Kadziela owns residential property located at 2 Niagara Court, Lacey Township, New Jersey. (Silverstein Cert. ¶ 2.) This house was constructed by Multitrust, Inc. ("Multitrust"), a

builder of residential homes. (Residential Warranty Corporation ("RWC") Brief at 1.)

Multitrust enrolled Kadziela's home in the Limited Warranty Program administered by the RWC. The parties executed the Limited Warranty Agreement ("LWA"), which provides that all "unresolved warranty issues" must be resolved though arbitration. (RWC Brief Ex. A (LWA) §§ (h), (i).) "Unresolved warranty issues" are defined as, "all requests for warranty performance, demands, disputes, controversies and differences that may arise between the parties to the limited warranty that cannot be resolved among the parties." (LWA § (h).)

The LWA delineates a four-step arbitration process: (i) arbitration to determine if the warranty claims are covered under the warranty program; (ii) Method of Repair Arbitration to pick an appropriate method to correct the defects; (iii) Clarification Arbitration to clarify an award; and (iv) Compliance Arbitration to determine if the warrantor has complied with the award. (LWA § (i).) The New Jersey State Office of Dispute Settlement ("ODS") conducts the arbitration hearings and issues the awards. (ODS Brief at 1.)

Kadziela filed several warranty claims with the RWC regarding a leak under the whirlpool, residue under the PVC pipe, water damage in the garage, and molding of the master bedroom floor and walk-in closet. (RWC Brief at 1.) On March 11, 2005, ODS conducted an arbitration hearing to resolve these. *Id*. at 1-2. On the same day, ODS entered an award, finding that some of Kadziela's claims were covered by the Limited Warranty Program. *Id*. at 1-2. Thereafter, Kadziela sought a second arbitration because he disputed Multitrust's selected method of repair. (ODS Brief at 2.) On October 10, 2005, ODS conducted a Method of Repair Arbitration, and on November 3, 2005, ODS issued a Method of Repair Award. *Id*. at 3.

Multitrust sought a clarification of the November 3rd award. (Multitrust Jan. 2, 2007,

Letter .) The arbitrator met with Multitrust and Kadziela's wife at Kadziela's home to inspect the claimed defects and to make an exact determination of what Multitrust had to do to repair these. *Id*. Kadziella alleges that he was not present at this meeting and that his wife was not permitted to "speak or present issues" to the arbitrator. (Kadziela Reply to ODS ¶ 26.) Multitrust requested that the arbitrator state his findings in a formal Clarification so there would be no ambiguity as to what work had to be done. (Multitrust Jan. 2, 2007, Letter .) On February 2, 2006, ODS issued the Clarification.

On November 2, 2006, Kadziela filed the present Motion to Confirm the November 3, 2005, Method of Repair Arbitration Award as "final and binding." (Petition to Confirm Arbitrator's Award at 2.) However, on December 16, 2006, Kadziela filed a Request for Binding Compliance Arbitration concerning the claims at issue in the present action. (RWC Brief Ex. E.) Briefing on the matter now complete, the Court will address the pending motion.

## II.     DISCUSSION

### 1.     Jurisdiction

RWC argues that this Court does not have jurisdiction over the present action. (RWC Brief at 6-7.) Section 9 of the Federal Arbitration Act ("FAA") provides, in relevant part:

> [i]f the parties *in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to arbitration* ... then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified or corrected as prescribed in sections 10 and 12 of this title.

9 U.S.C.A. § 9 (emphasis added).  Therefore, Section 9 confers a federal court with jurisdiction to confirm an arbitration award so long as the parties' arbitration agreement authorizes the same. *Teamsters-Employer Local No. 945 Pension Fund v. Acme Sanitation Corp.*, 963 F.Supp. 340, 346 (D.N.J.,1997).

Here, Section (i) of LWA provides: "Within one (1) year after an arbitration award, either party may apply to the U.S. District Court where the Home is situated to confirm the award." Kadziela's home is situated in New Jersey.  Therefore, the LWA authorizes this Court to confirm an arbitration award issued thereunder, and Section 9 of the FAA confers this Court with subject matter jurisdiction over the present action.

### 2. Enforcement of Agreement to Arbitrate

The issue presented is whether this Court should intervene in the arbitration process to declare the November 3rd Award "final and binding" or stay this action pending the outcome of the Compliance Arbitration.

#### a. The Parties' Arguments

Kadziela argues that the Court should confirm the November 3rd Award as "final and binding" because the February 2nd Clarification is not enforceable pursuant to the LWA for the following reasons: (i) it was not authenticated by the arbitrator; (ii) it modifies previous awards that were authenticated; (iii) it was issued without a formal hearing; (iv) Kadziela was not

present at the meeting that prompted the Clarification; (v) Kadziela's wife was present, but was not permitted to present issues to the arbitrator; and (vi) the meeting was held after Multitrusts' 60-day time limit to comply with the initial award had expired. (Kadziela Reply to RWC ¶ 10); (Kadziela Reply to ODS ¶ 26.) Kadziela admits that he filed a request for Compliance Arbitration, but argues that this proceeding cannot yield a final arbitration award and that its sole purpose is to determine whether the warrantor has complied with the last award authenticated by an arbitrator. (Kadziela Reply to RWC ¶ 22.)

      RWC argues that Kadziela's motion is premature and that the Court should stay the present action pending the outcome of the Compliance Arbitration. (RWC Brief at 5-6.) RWC states, but does not explain, that ODS will address whether the November 3rd Award is final and binding at the Compliance Arbitration. *Id*. at 5-6. Multitrust and ODS make the same arguments as RWC. Multitrust submitted a letter in opposition to Kadziela's motion, stating that Multitrust agrees to make the necessary repairs, but only after the arbitration process is completed. (Multitrust Jan. 2, 2007, Letter .) ODS argues that Compliance Arbitration is the final phase of the process by which a homeowner's claim may be arbitrated and any award issued therefrom constitutes the last and final arbitration award. Therefore, Kadziela's motion is premature because he has not gone through the entire arbitration process delineated in the LWA. (ODS Brief at 3-4.)

      **b.**    **Governing Legal Standard**

This action is governed by the FAA. Section 2 of the FAA provides:

> A written provision in any . . . contract evidencing a transaction

5

>involving commerce to settle by arbitration . . . shall be valid, irrevocable, and enforceable, save upon such ground as exist at law of in equity for the revocation of any contract. 9 U.S.C. § 2.

The FAA has established a strong policy in favor of arbitration. *See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983). It requires rigorous enforcement of arbitration agreements. *See Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 220 (1985); *In re Mintze*, 434 F.3d 222, 229 (3d Cir. 2006). Courts should order arbitration, unless the arbitration clause in the parties' agreement cannot be interpreted to apply to the claims at issue. *Hahneman Univ. v. Dist. 1199C, Nat'l Union of Hosp. and Health Care Employees*, 765 F.2d 38, 41 (3d Cir. 1985); *Coleman v. Nat'l Movie-Dine, Inc.*, 449 F. Supp. 945, 948 (E.D. Pa. 1978) (holding when an arbitration clause is broad in scope, only the most forceful evidence of purpose to exclude will justify exclusion of a claim from arbitration). All doubts concerning the scope of the arbitration clause should be resolved in favor of arbitration. *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 476 (1989).

      **c.**      **The Agreement to Arbitrate should be Enforced**

Kadziela has not proffered any grounds for revocation of any of the LWA's provisions. Kadziela also does not argue that his claims are outside the scope of the LWA's arbitration clause. Therefore, Sections (h) and (i) of the LWA, which delineate the four-step arbitration process for resolving "unresolved warranty issues," are enforceable.

Kadziela's claims are within the scope of the arbitration clause. His claims are "unresolved warranty issues" pursuant to Section (h) of the LWA because: (i) he is requesting warranty performance; (ii) there is a dispute among the parties concerning what Multitrust is

obligated to do to satisfy Kadziela's claims; and (iii) these issues have been the subject of various arbitration hearings and cannot be resolved among the parties. Therefore, Kadziela's claims are subject to the four-step arbitration process delineated in Section (i) of the LWA and Kadziela must complete the arbitration process before submitting his claims for judicial review.

Kadziela's argument regarding the nature of the Compliance Arbitration is not sufficient to warrant the Court's intervention in the arbitration process. First, even if the Compliance Arbitration does not yield a final arbitration award, it is a necessary step in the arbitration process to which Kadziela willingly submitted when he executed the LWA and also when he applied for Compliance Arbitration. Also, it is likely that in the course of addressing whether Multitrust has complied with the awards, the arbitrator will address whether the November 3rd Award is final and binding. Consistent with the FAA policy strongly favoring arbitration, the Court will allow the arbitrator the opportunity to address this issue. However, even if the arbitrator does not address this issue, on these facts, FAA policy compels the Court to abstain from intervening in the arbitration process until it is complete.

3. **Stay Pursuant to 9 U.S.C. § 3**

Section 3 of the FAA empowers a court to stay an action involving issues that are referable to arbitration pursuant to the parties' written agreement. 9 U.S.C. § 3. The present action involves issues that are all referable to arbitration pursuant to the LWA. Therefore, the Court will stay the present action pending the outcome of the Compliance Arbitration. This stay is without prejudice to any motion to compel said Compliance Arbitration, should it not proceed pursuant to the LWA.

**III.     CONCLUSION**

For these reasons, Kadziela's Motion to Confirm the Arbitration Award is denied without prejudice and this action is stayed pending the outcome of the Compliance Arbitration.  An appropriate form of order is filed herewith.


Dated: May 3, 2007


                                                                  s/ Garrett E. Brown, Jr.
                                                            GARRETT E. BROWN, JR., U.S.D.J.